UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Case No. 3:15-cr-086-6-JD-MGG |
| | ) |
| OMAR LOZA | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Omar Loza's request for home confinement due to the COVID-19 pandemic. *See* Letter, p. 1, DE 339. For the reasons stated below, the Defendant's request is DENIED.

## I.  BACKGROUND

On June 6, 2016, the Defendant pleaded guilty to possession with the intent to distribute cocaine. *See* Plea Agreement, p. 3, DE 136. On November 16, 2016, the Court sentenced the Defendant to 151 months of imprisonment. *See* DE 226.

On May 28, 2020, the Defendant requested that he "be released immediately to home confinement." Letter, p. 1, DE 339. The Defendant stated that he was concerned about the ongoing COVID-19 pandemic and how it may affect his health. *See id.* The Court construed this as a request for compassionate release and ordered the Government to file a response. *See* Order, DE 342. On June 9, 2020, the Government filed a Response in which it argued that (1) the Defendant failed to exhaust his administrative remedies and (2) the request for home confinement was improper. *See* Response, DE 343.

## II.  DISCUSSION

The Defendant's request for home confinement is denied. In relevant part, 18 U.S.C. § 3582(c) empowers the district court to modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "In the context of

the COVID-19 pandemic, § 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Stewart*, No. 3:13-CR-126, 2020 WL 3428033, at *1 (N.D. Ind. June 23, 2020) (internal quotation marks omitted). "While compassionate release—that is, a reduction in sentence—is governed by § 3582(c)(1)(A), the location where a sentence is served is not. Authority for determining the location where a sentence is served (including home confinement) is given to the Bureau of Prisons." *United States v. Hawkins*, No. 2:17-CR-134, 2020 WL 3264115, at *2 (N.D. Ind. June 17, 2020) (citing 18 U.S.C. §§ 3621(b), 3624(c)(2)). "The Bureau of Prisons alone has the statutory authority to designate a defendant's place of imprisonment, including placement in home confinement." *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020)) (citing 18 U.S.C. §§ 3621(b), 3624(c)(2)). "The Court does not have the authority to order the remainder of Defendant's sentence to be served on home confinement." *United States v. Maldonado*, No. 2:10-CR-218, 2020 WL 3469736, at *1 (N.D. Ind. June 25, 2020).

In this case, the Defendant requests home confinement due to the ongoing COVID-19 pandemic. However, as explained above, the Court does not have the authority to determine the location of the Defendant's sentence. *See Hawkins*, 2020 WL 3264115, at *2. Rather, only the Bureau of Prisons has the authority to designate the Defendant's place of imprisonment, including placement in home confinement. *Council*, 2020 WL 3097461, at *7. Accordingly, the Court denies the Defendant's request for home confinement.

However, the Court notes that the Defendant is a pro se prisoner. Further, the Court construed the Defendant's relatively informal letter as a request for compassionate release under 18 U.S.C. § 3582(c). Thus, in an exercise of discretion, the Defendant has leave of court to file a

2

renewed motion for compassionate release. Any such request should discuss whether the Defendant exhausted his administrative remedies. Further, the Defendant should discuss his physical health and the current condition of his prison. To the extent that the Defendant finds caselaw or documentary evidence favorable to his request, he should cite this material within his motion for compassionate release.

### III.  CONCLUSION

For the reasons stated above, the Defendant's request for home confinement [DE 339] is DENIED. Consistent with this Opinion and Order, the Defendant has leave of court to file a Renewed Motion for Compassionate Release.

SO ORDERED.

ENTERED: June 30, 2020

/s/ JON E. DEGUILIO
Chief Judge
United States District Court