UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:15-cr-86-6-JD-MGG |
| ) | |
| OMAR LOZA ) | |

## **OPINION AND ORDER**

This matter is before the Court on Defendant Omar Loza's Motion for Compassionate Release [DE 343]. For the reasons stated below, the Defendant's request is DENIED.

### I.  BACKGROUND

On June 6, 2016, the Defendant pleaded guilty to possession with the intent to distribute cocaine. DE 136, p. 3. On November 16, 2016, the Court sentenced the Defendant to 151 months of imprisonment. *See* DE 226. The Defendant is currently housed at FCI Milan in Michigan. *See* INMATE LOCATOR, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Aug. 19, 2020). The Defendant is currently 37 years old, and his projected release date is August 10, 2026. *Id.*

On July 10, 2020, the Defendant filed his Motion for Compassionate Release [DE 345].[1] The Defendant argues that he is especially vulnerable to COVID-19 due to his underlying medical conditions of hyperthyroidism, tachycardia, and obesity. DE 345, pp. 7-8. The Defendant further argues that his prison is exacerbating the spread of COVID-19. *Id.* at 3-7. The Defendant also argues that the factors established in 18 U.S.C. § 3553(a) weigh in favor of his release because his crime was nonviolent. *Id.* at 11.

---

[1] The Court notes that the Defendant's request for compassionate release was denied by the Bureau of Prisons. *See* DE 345-1. The Government concedes that the Defendant's request is procedurally proper. DE 347, p. 7.

## II.  DISCUSSION

The Defendant requests that his sentence be reduced due to his health conditions and the ongoing COVID-19 pandemic. In the alternative, the Defendant requests an order of home confinement. For the reasons stated below, the Defendant's requests are denied.

### A.     The Request for Compassionate Release

The Defendant's request for a sentence reduction is denied. In relevant part, 18 U.S.C. § 3582(c) empowers the district court to modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020). "In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic." *United States v. Stewart*, No. 3:13-CR-126, 2020 WL 3428033, at *2 (N.D. Ind. June 23, 2020); *see also United States v. Davis*, No. 2:19-CR-74, 2020 WL 1951652, at *1 (N.D. Ind. Apr. 23, 2020). "To the extent that they are applicable, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)." *Stewart*, 2020 WL 3428033, at *2.

The Defendant bears the burden of demonstrating that he is entitled to a sentence reduction. *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *2 (C.D. Ill. May 12, 2020) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020)).

2

"Whether to grant relief pursuant to 18 U.S.C. § 3582(c)(1)(A) is left to the sound discretion of the district court." *Stewart*, 2020 WL 3428033, at *2.

In this case, the Defendant argues that he is especially vulnerable to COVID-19 due to his underlying health conditions of hyperthyroidism, tachycardia, and obesity. DE 345, pp. 7-8. However, the Defendant fails to demonstrate that his conditions are particularly severe or complex. Likewise, the Defendant fails to demonstrate that his conditions are not being properly treated while in prison. Thus, the Defendant fails to demonstrate how these health conditions are "extraordinary and compelling reasons" that warrant a reduction in his sentence. *See*, *e.g.*, *Council*, 2020 WL 3097461, at *5 ("Turning to Defendant's personal health conditions of sleep apnea, asthma, hypothyroidism, and obesity, the Court finds that, even in the context of the COVID-19 pandemic, these conditions do not constitute an extraordinary and compelling reason to justify a sentence reduction."); *Melgarejo*, 2020 WL 2395982, at *4 ("Although hypertension is a risk factor for COVID-19 complications, Defendant does not allege that his condition is particularly severe or not controlled with medication."). Furthermore, the Court emphasizes that the Defendant is a 37-year-old male who is in relatively good health. *See United States v. Hamlin*, No. 17-cr-175, 2020 WL 1703848, at *6 (E.D. Wis. Apr. 8, 2020) ("While it appears that the defendant may be at a higher risk than a thirty-year-old with no underlying health problems, it is not clear that he is at a significantly greater risk for severe illness if infected, compared to someone who is older or someone with severe illness or comprised immunity."). Thus, the Defendant's age and health do not weigh in favor of a sentence reduction.

The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). The Court emphasizes that the need to afford adequate deterrence and the need to reflect the seriousness of the offense are especially relevant in this case. *See* 18 U.S.C. § 3553(a)(2)(A)-(B). Namely, the

3

Defendant is a 37-year-old man in relatively good health. Further, the Defendant was convicted of a serious crime and is not scheduled to be released until August 10, 2026. If the Court were to reduce the Defendant's sentence by nearly six years, the need for deterrence and the need for a sentence to reflect the seriousness of the offense would be severely undermined. *See* 18 U.S.C. § 3553(a)(2)(A)-(B). Thus, the Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh strongly against release.

Therefore, after a careful review of the record, the Court finds that the Defendant has failed to demonstrate an extraordinary and compelling reason to justify his release.

**B.      The Request for Home Confinement**

The Court also rejects the Defendant's request for home confinement. "While compassionate release—that is, a reduction in sentence—is governed by § 3582(c)(1)(A), the location where a sentence is served is not. Authority for determining the location where a sentence is served (including home confinement) is given to the Bureau of Prisons." *United States v. Hawkins*, No. 2:17-CR-134, 2020 WL 3264115, at *2 (N.D. Ind. June 17, 2020) (citing 18 U.S.C. §§ 3621(b), 3624(c)(2)). "The Bureau of Prisons alone has the statutory authority to designate a defendant's place of imprisonment, including placement in home confinement." *Council*, 2020 WL 3097461, at *7 (citing 18 U.S.C. §§ 3621(b), 3624(c)(2)). "The Court does not have the authority to order the remainder of Defendant's sentence to be served on home confinement." *United States v. Maldonado*, No. 2:10-CR-218, 2020 WL 3469736, at *1 (N.D. Ind. June 25, 2020).

In this case, the Defendant desires home confinement due to the ongoing COVID-19 pandemic. However, as noted above, the Court does not have the authority to determine the location of the Defendant's sentence. *See Hawkins*, 2020 WL 3264115, at *2. Rather, only the

4

Bureau of Prisons has the authority to designate the Defendant's place of imprisonment, including placement in home confinement. *Council*, 2020 WL 3097461, at *7. Accordingly, the request for home confinement is denied.

### III.  CONCLUSION

For the reasons stated above, Defendant Omar Loza's Motion for Compassionate Release [DE 345] is DENIED.

SO ORDERED.

ENTERED: August 21, 2020

                                           /s/ JON E. DEGUILIO
                                           Chief Judge
                                           United States District Court